**SO ORDERED.**

**SIGNED this 19th day of April, 2012.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

**JOSHUA LEE DEAL,**

                **DEBTOR.**

CASE NO. 11-22678
CHAPTER 7

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO FILE EXCEPTION TO DISCHARGE OUT OF TIME**

The matter under advisement is the motion of Bret Pennock, individually and as Natural Guardian and Next Friend of Berlynn Pennock and Blake Pennock, and Angela Pennock (collectively the Pennocks) for leave to file an objection to discharge out of time. The Court has jurisdiction.[1] For the reasons stated below, the Court denies the motion.

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Determinations as to the dischargeability of specific debts are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

**FINDINGS OF FACT.**

Debtor filed for relief under Chapter 7 on August 30, 2011. Notice was given that the meeting of creditors would be held on October 4, 2011 and the last day to oppose discharge was December 5, 2011. Pennock's counsel appeared at the first meeting of creditors. The meeting was continued to October 25, 2011, because the Trustee requested additional materials from the Debtor. The meeting was concluded on November 15, 2011.

On October 19, 2011, the Pennocks filed a motion for relief from stay to proceed against the Debtor in litigation pending in the District Court of Linn County, Kansas arising from an automobile accident in which the Pennocks were injured. The motion for relief mentioned the Pennock's belief that Debtor's liability might be nondischargeable.

The deadline under Bankruptcy Rule 4007 for filing a complaint to object to discharge under § 523(c) was December 5, 2011. No objection was timely filed. On December 27, 2011, the Pennocks filed the motion for leave to file out of time a complaint objecting to discharge of any liability of Debtor arising from the auto accident. The motion recites that counsel had a misunderstanding of the rule for filing dischargeability complaints and believed that the Pennocks had until January 15, 2012 to file the objection.

**CONCLUSIONS OF LAW.**

Bankruptcy Rule 4007(c) states that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, afer hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the

time has expired." Pennocks admit that the motion for leave to file a complaint out of time was not timely filed, but seek leave on two grounds: (1) excusable neglect; and (2) the fact that notice of intent to object to dischargeability was given when moving for relief from stay. Neither ground is sufficient.

Excusable neglect is not grounds for extending the time to file a dischargeability complaint. Rule 9006(b)(3) provides that the court may extend the time provided by Rule 4007(c) "only to the extent and under the conditions stated in the rule." "If the motion is not filed within that time period [stated in Rule 4007(c)], the court has no discretion to grant the motion."[2] Under Rule 4007(c), either a dischargeability complaint or a motion to extend the time for filing the complaint must be filed no more than 60 days after the first date set for the meeting of creditors. Likewise, "it is not enough to simply mention a dischargeability issue in some other proceeding without actually bringing the necessary adversary proceeding in a timely manner."[3] The time limit for filing a nondischargeability complaint is strict. It applies even in cases such as this where the Debtor had timely notice that such a complaint was contemplated. Although sympathetic to the plight of the Pennock's counsel, the Court has no alternative but to deny the Motion.

**IT IS SO ORDERED.**

###

---

[2] 9 *Collier on Bankruptcy* ¶ 4007.04[3][a] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2011).

[3] *Id.*, citing *In re Kennerley*, 995 F.2d 145 (9th Cir. 1993) and *In re McGuirt*, 879 F.2d 182 (5th Cir. 1989).